Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JEREMIAH YODER**, | Case No. 3:23-cv-01871 |
| Plaintiff, | COMPLAINT |
| v. | Unlawful Employment Practices |
| **POLK COUNTY FARMERS' CO-OP dba AG WEST SUPPLY; and MIKE MCLAIN,** | (42 U.S.C. § 12112;<br>ORS 659A.030; ORS 659A.109;<br>ORS 659A.112; ORS 659A.199) |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive

damages, and attorney fees for himself to redress injuries done to him by Defendant

Page 1 – COMPLAINT

Polk County Farmers' Co-Op dba Ag West Supply, and/or officers, employees, owners, members, and/or agents of said Defendant in contravention of his federally protected rights in violation of 42 U.S.C. § 12112 and his state protected rights in violation of ORS 659A.030, ORS 659A.109, ORS 659A.112, and ORS 659A.199. Defendant Mike McLain aided, abetted, incited, compelled, or coerced (or attempted to), the discrimination and retaliation as alleged herein.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims occurred in this judicial district.

## General Factual Allegations

4.

Defendant Polk County Farmers' Co-Op dba Ag West Supply (hereinafter "Defendant Ag West") is and was at all material times herein mentioned an Oregon cooperative with its principal place of business in Rickreall, Polk County, Oregon.

5.

Defendant Mike McLain (hereinafter "Defendant McLain") is and was at all material times herein the manager of Defendant Ag West's Point S Tire Shop.

///

///

Page 2 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

6.

Plaintiff is and was a resident of Dallas, Polk County, Oregon at all material times herein.

7.

At all material times herein, Plaintiff was supervised by Defendant Ag West's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors, and management, including but not limited to Defendant McLain.

8.

Defendants discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment, and retaliated against Plaintiff for engaging in protected activity, including but not limited to reporting and opposing said harassment, discrimination, and retaliation, and/or for reporting in good faith information Plaintiff believed was evidence of a violation of law, rule, and/or regulation.

9.

Defendant Ag West hired Plaintiff in or about March of 2021 as a heavy equipment mechanic at Point S Tire Shop. Plaintiff was good at his job and received wage increases during his employment.

10.

Plaintiff suffers from a serious medical condition which affects one or more major life activity. Despite Plaintiff's disability, his perceived disability, and/or record of disability, he was able, with or without accommodation, to perform the essential functions of his position with Defendant Ag West.

///

///

Page 3 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

11.

Plaintiff is a recipient of benefits through the State of Oregon's Preferred Worker Program. The Preferred Worker Program covers the cost of worksite modifications that are necessary to accommodate Plaintiff's disabilities, up to $35,000 for the period of the Worksite Modification Agreement between the Workers' Compensation Division, Plaintiff, and Defendant Ag West.

12.

Plaintiff and Defendant Ag West used Plaintiff's benefits to purchase equipment that was necessary for Plaintiff to perform his job, including a lift. Plaintiff understands that under the agreement he was to retain possession of the lift upon separation of his employment with Defendant Ag West.

13.

In or about late 2021, Plaintiff reported Defendant McLain for theft of services. Specifically, Plaintiff reported to Defendant Ag West's general manager, Christy Aird, that Defendant McLain was working on his relatives' vehicles for free at Point S Tire Shop, including that Defendant McLain was not charging his relatives for labor and sometimes was not charging for vehicle parts that were the property of Defendant Ag West. Plaintiff also reported to Aird that Defendant McLain removed a tool belonging to Plaintiff from his locked toolbox and kept it overnight for two nights without Plaintiff's permission. Plaintiff was reporting in good faith information he believed was evidence of violations of federal and/or state laws, rules, and/or regulations.

14.

After Plaintiff reported Defendant McLain's conduct, Defendant McLain retaliated against Plaintiff by treating him differently from other employees, yelling at Plaintiff, calling Plaintiff a thief, stalking and spying on Plaintiff, rummaging

Page 4 – COMPLAINT

through Plaintiff's personal belongings, tampering with Plaintiff's work, badgering and harassing Plaintiff, micromanaging Plaintiff's work, threatening Plaintiff's continued employment with Defendant Ag West, and forcing Plaintiff to sign a false written discipline.

15.

For example, on February 9, 2022, Defendant McLain presented Plaintiff with a warning form for allegedly turning down work on February 8, 2022 so Plaintiff could go home early. Plaintiff opposed the false written discipline. Plaintiff explained that he left work early because another employee was in charge of scheduling jobs for that day and Plaintiff was unaware that there was a job that had been scheduled. The employee who scheduled the job apologized to Plaintiff after witnessing Defendant McLain disciplining Plaintiff. Because Plaintiff initially refused to sign the written warning, Defendant McLain followed Plaintiff around the shop shouting near Plaintiff's ear that he needed to sign the disciplinary notice. Plaintiff eventually signed it to stop Defendant McLain's yelling and badgering.

16.

Plaintiff also complained to Aird in or about January of 2022 that Defendant McLain was overcharging for parts, harassing and stalking Plaintiff, that Defendant McLain removed Plaintiff's tool from his locked toolbox, and that Defendant McLain sabotaged Plaintiff's work. Plaintiff understands that other employees also complained to Aird that they witnessed McLain "stalking" or "sneaking around" the building to watch Plaintiff. Plaintiff understood that Defendant McLain was taking these and other actions to cause Defendant Ag West to terminate Plaintiff's employment. Defendant Ag West failed to take prompt remedial action as Defendant McLain continued engaging in the unwelcomed conduct.

Page 5 – COMPLAINT

17.

In or about February of 2022, Defendant Ag West attempted to fraudulently purchase equipment using Plaintiff's Preferred Worker Program benefits when it ordered another lift that was not necessary to accommodate Plaintiff's disability. Plaintiff cancelled the order when he learned that Defendant Ag West had placed the order. The cost of the lift would have depleted Plaintiff's benefits for the contract period in the Worksite Modification Agreement, which began on December 16, 2021 and was set to end on May 16, 2022.

18.

On or about February 9, 2022, Defendants disciplined Plaintiff in retaliation for engaging in the protected activities alleged herein.

19.

On or about Friday, February 18, 2022, Defendant Ag West informed Plaintiff that his employment would be terminated if Plaintiff did not reauthorize the use of Preferred Worker Program benefits for the second lift. Plaintiff responded by stating that Defendant Ag West was terminating his employment because of his disability. Plaintiff also informed Aird that he was going to call the Bureau of Labor and Industries ("BOLI"). He went to his truck and called BOLI. That day, Aird approached Plaintiff, stating that she spoke with an attorney and learned that she could not terminate Plaintiff's employment for the reasons proffered by Defendant Ag West.

20.

On or about Monday, February 21, 2022, Plaintiff reached out to Defendants stating that it was unclear whether he was still employed by Defendant Ag West and requested a meeting to discuss the February 18, 2022 incident. Aird responded that she could meet with Plaintiff that day or during the following morning.

Page 6 – COMPLAINT

21.

On or about February 22, 2022, Defendant Ag West disciplined Plaintiff for cancelling the order for equipment that was not necessary for Plaintiff to perform the essential functions of his position.

22.

On or about March 29, 2022, Defendant Ag West terminated Plaintiff's employment. Defendant Ag West's stated reasons for the termination were (1) Plaintiff created a conflict of interest by working on cars—including his own car—at his own home during his time off from work and (2) vendors had allegedly complained about Plaintiff engaging in "rude behavior."

23.

On information and belief, Defendants provided retaliatory and discriminatory negative employment references about Plaintiff to potential employers.

24.

On information and belief, Defendants provided information that was not true to the Oregon Employment Department in an attempt to prevent Plaintiff from obtaining unemployment benefits.

25.

Plaintiff filed a Complaint with the Oregon Bureau of Labor and Industries ("BOLI"). The Complaint was dually filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). BOLI found substantial evidence of unlawful employment practices under ORS 659A.030(1)(f), ORS 659A.030(1)(g), and ORS 659A.199. This Complaint has been filed within the agencies' prescribed deadlines.

///

Page 7 – COMPLAINT

**First Claim for Relief**

**42 U.S.C. § 12112 – Disability/Perceived Disability Discrimination**

**(Against Defendant Ag West)**

26.

Plaintiff realleges paragraphs 1 through 25 above as fully set forth herein.

27.

At all material times, Defendant Ag West had 15 or more employees.

28.

At all material times, Plaintiff is and was a qualified person with a disability as defined by 42 U.S.C. § 12102.

29.

Defendant Ag West knew about Plaintiff's disability at all material times.

30.

Alternatively, Defendant Ag West perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

31.

Defendant Ag West took adverse employment actions against Plaintiff in violation of his federally protected rights, including but not limited to disciplining Plaintiff, micromanaging him, subjecting him to a hostile work environment, terminating his employment, providing negative employment references to potential employers, and providing incorrect information to the Employment Department. Defendant Ag West's actions were motivated by Plaintiff's disability, perceived disability, and/or record of disability and constitute unlawful disability discrimination in violation of 42 U.S.C. § 12112.

///

///

Page 8 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

32.

As a result of Defendant Ag West's violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

33.

As a direct and proximate result of Defendant Ag West's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional pain, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

34.

Defendant Ag West's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant Ag West should be assessed punitive damages in an amount to be determined at trial.

35.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. § 1988.

36.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant Ag West from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

///

///

///

Page 9 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

## Second Claim for Relief

### ORS 659A.112 – Disability/Perceived Disability Discrimination

### (Against Defendant Ag West)

37.

Plaintiff realleges paragraphs 1 through 36 above as fully set forth herein.

38.

At all material times, Plaintiff is and was a qualified person with a disability as defined by ORS 659A.104.

39.

Defendant Ag West knew about Plaintiff's disability at all material times.

40.

Alternatively, Defendant Ag West perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

41.

Defendant Ag West took adverse employment actions against Plaintiff in violation of his state-protected rights, including but not limited to disciplining Plaintiff, micromanaging him, subjecting him to a hostile work environment, terminating his employment, providing negative employment references to potential employers, and providing incorrect information to the Employment Department. Plaintiff's disability, perceived disability, and/or record of disability were but for causes of Defendant Ag West's adverse employment actions in violation of ORS 659A.112.

42.

As a result of Defendant Ag West's violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement

Page 10 – COMPLAINT

benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

43.

As a direct and proximate result of Defendant Ag West's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional pain, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

44.

Defendant Ag West's conduct was and is willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant Ag West should be assessed punitive damages in an amount to be determined at trial.

45.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

46.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant Ag West from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under state law.

### Third Claim for Relief

### 42 U.S.C. § 12112 – Retaliation

### (Against Defendant Ag West)

47.

Plaintiff realleges paragraphs 1 through 46 above as fully set forth herein.

48.

Defendant Ag West retaliated against Plaintiff in the terms and conditions of

Page 11 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

his employment due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 12112.

49.

Plaintiff realleges his damages as stated in paragraphs 32 through 36 above.

## Fourth Claim for Relief

## ORS 659A.109 – Disability/Perceived Disability Retaliation

## (Against Defendant Ag West)

50.

Plaintiff realleges paragraphs 1 through 49 above as fully set forth herein.

51.

Plaintiff engaged in protected activity under ORS 659A.109 by invoking the procedures provided for in ORS 659A.103 to ORS 659A.145.

52.

Defendant Ag West retaliated against Plaintiff in the terms and conditions of his employment, including but not limited to disciplining Plaintiff, micromanaging him, subjecting him to a hostile work environment, terminating his employment, providing negative employment references to potential employers, and providing incorrect information to the Employment Department in violation of ORS 659A.109 for engaging in the protected activities alleged herein.

53.

Plaintiff realleges his damages as stated in paragraphs 42 through 46 above.

## Fifth Claim for Relief

## ORS 659A.030(1)(f) – Retaliation

## (Against Defendant Ag West)

54.

Plaintiff realleges paragraphs 1 through 53 above as fully set forth herein.

Page 12 – COMPLAINT

55.

Defendant Ag West discharged, expelled, or otherwise discriminated against Plaintiff because Plaintiff opposed unlawful practices, and/or because Plaintiff filed a complaint or assisted in any proceeding under chapter ORS 659A, or had attempted to do so.

56.

Plaintiff realleges his damages as stated in paragraphs 42 through 46 above.

## Sixth Claim for Relief

## ORS 659A.199 – Whistleblower Retaliation

## (Against Defendant Ag West)

57.

Plaintiff realleges paragraphs 1 through 56 above as fully set forth herein.

58.

Defendant Ag West retaliated against Plaintiff in the terms and conditions of his employment in substantial part for reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, and/or regulations.

59.

Plaintiff realleges his damages as stated in paragraphs 42 through 46 above.

## Seventh Claim for Relief

## ORS 659A.030(1)(g) – Aiding or Abetting

## (Against Defendant McLain)

60.

Plaintiff realleges paragraphs 1 through 59 above as fully set forth herein.

///

///

Page 13 – COMPLAINT

61.

Defendant McLain aided, abetted, incited, compelled, and/or coerced the doing of acts forbidden under chapter ORS 659A, or attempted to do so, as alleged herein.

62.

Plaintiff realleges his damages as stated in paragraphs 42 through 46 above.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For permanent injunctive relief enjoining Defendant Ag West, its officers, employees, and agents from engaging in any harassment or discrimination, or for retaliating against any employee opposing unlawful employment practices;

2. Economic damages and future losses to be determined at trial;

3. Non-economic damages to be determined at trial;

4. Punitive damages in an amount to be determined at trial;

5. Reasonable costs and attorney fees; and

6. For such other and further relief as the Court may deem just and equitable.

DATED this 12th day of December, 2023.

BAKER LAW PC

*s/ Serena L. Liss*

Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Attorneys for Plaintiff

Page 14 – COMPLAINT